# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE
### at GREENEVILLE

MARTIN J. McMURRAY, #231951  )
             )
             )
v.             )    NO. 2:11-CV-58
             )
ROBERT H. MONTGOMERY, JR.;  )
RICHARD TATE       )


    \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


MARTIN J. McMURRAY, #231951  )
             )
             )
v.             )    NO. 2:11-CV-82
             )
WAYNE ANDERSON, Sheriff   )


## MEMORANDUM and ORDER

    Using a form complaint which is intended to be used for filing a civil rights action under 42 U.S.C. § 1983, and proceeding *pro se,* inmate Martin J. McMurray filed Civil Action Number 2:11-CV-58, alleging that the two defendants—one the state court judge who presided over his state criminal proceedings and the other the attorney who was appointed to represent him in those proceedings—violated his civil rights. In the relief section of his complaint, Mr. McMurray asked this Court to review his state court case, # S57,975, to determine whether his civil rights had been violated, and if so, to overturn his state court judgment.

Because the allegations regarding Mr. McMurray's illegal detention relate directly to the fact and duration of his physical confinement and because his sole federal remedy in that regard is to seek a writ of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973), the case was docketed as a habeas corpus action. The Court could treat the complaint as a habeas corpus petition, given the liberal standard of review for *pro se* complaints. *See Haines v. Kerner*, 404 U.S. 519 (1972); *see also Castro v. United States*, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize it in order to place it within a different legal category . . . to create a better correspondence between the substance of a *pro se* motion and its underlying legal basis.") (all citations omitted).

Thereafter, Mr. McMurray filed an actual petition for habeas corpus relief under 28 U.S.C. § 2254, which was docketed as Civil Action Number 2:11-CV-82. In his petition, Mr. McMurray likewise claimed that his constitutional rights were violated in connection with those same state judicial criminal proceedings, which had culminated in a judgment convicting him for being a habitual traffic offender (2nd) and driving under the influence (6th). The judgments challenged in both cases were entered by the Criminal Court of Sullivan County, Tennessee. For these offenses, he received an effective sentence of six years.

In each of these cases, Mr. McMurray filed an application to proceed *in forma pauperis,*. Each application reflects that he is impoverished. Therefore, both applications are **GRANTED**. Further, although not identical, the two pleadings are virtually the same, and for that reason the two cases are **CONSOLIDATED** for all future proceedings. Accordingly,

Civil Action No. 2:11-CV-58 will be the lead case and all future filings should be in the lead case. However, there is a major problem with these petitions, which calls for them to be dismissed *sua sponte*.

It must be clear on the face of a petition that a petitioner has exhausted his state remedies, or that there is an absence of state corrective process, or that circumstances exist that render such process ineffective to protect a petitioner's rights. 28 U.S.C.§ 2254(b)(1)(A) and (B); *Rose v. Lundy*, 455 U.S. 509 (1982) (finding that federal claims must be completely exhausted by being fully and fairly offered to the state courts before seeking federal habeas corpus relief). It is a petitioner's burden to show exhaustion of available state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In this case, Mr. McMurray indicates that he is presently pursuing a direct appeal, which the face of the petition indicates was filed on February 18, 2011. Under 28 U.S.C. § 2254(c), a petitioner has not "exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right, under the law of the State to raise, by any available procedure, the question presented." Because it is clear that the state courts are open and because some or all of the issues raised in the federal pleadings may be offered or, perhaps, have been offered to those state courts in Mr. McMurray's direct appeal or, afterwards, in state collateral proceedings, he has not borne his burden of establishing that he has exhausted all available state court remedies. Thus, the petition is subject to *sua sponte* dismissal without prejudice. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court

has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner

has not exhausted available state remedies as to any of his federal claims.") (citations omitted)

Thus, for this reason, Mr. McMurray's cases will be **DISMISSED** without

prejudice to his right to assert his claims in a habeas corpus case, after exhaustion has

occurred.

Finally, after reviewing the claims under the appropriate standards in *Slack v.

McDaniel,* 529 U.S. 473 (2000), the Court finds that Mr. McMurray has failed to make a

substantial showing of the denial of a constitutional right because jurists of reason would not

disagree about the correctness of the procedural ruling with regard to exhaustion, nor would

they find debatable or wrong the Court's conclusion that exhaustion has not occurred. *See id*;

*Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th

Cir. 2001). Therefore, the Court **DENIES** issuance of a certificate of appealability. 28

U.S.C. § 2253; Fed. R. App. P. 22(b).

A separate order will enter.

**ENTER**:

<u>s/J. RONNIE GREER</u>
UNITED STATES DISTRICT JUDGE